ANDREW HOEFER V. JULIUS A. LANGHORST.

FILED JANUARY 3, 1898. No. 7694.

Review: PLEADING AND PROOF: VARIANCE: FACTORS AND BROKERS. Where the claim of an agent for compensation was for finding a purchaser for the land of the defendant ready and willing to purchase, and, without objection, proof was made of the ability to purchase, as well as of the alleged readiness and willingness, the variance cannot be urged as error for the first time in the supreme court.

ERROR from the district court of Cass county. Tried below before CHAPMAN, J. *Affirmed.*

*H. D. Travis,* for plaintiff in error.

*A. N. Sullivan* and *J. H. Haldeman, contra.*

RYAN, C.

The defendant in error recovered judgment against the plaintiff in error for the sum of $150, with interest as

prayed, in the district court of Cass county. The claim on which the judgment was rendered was for procuring a purchaser of certain land of plaintiff in error in accordance with an agreement so to do made by the defendant in error, for which service the sum of $150 was to be paid by the plaintiff in error. The evidence justified the jury in finding that the service rendered was that defendant in error had procured a purchaser, ready and able to buy the land which, the plaintiff in error had authorized defendant in error to sell. It is true it was merely alleged in the petition that the party procured as a purchaser was ready and willing to purchase on the required terms, but, on the trial, there was no objection to proof being made of the ability, as well as of the alleged readiness and willingness of the proposed purchaser. It is now too late to raise this question of a variance for the first time. It is possible that this might have been raised upon one or more of the instructions, if the assignments with respect to them had been so made as to admit of the consideration of the instructions independently of each other; but these assignments were as to groups, in each of which there was an instruction not open to criticism. We cannot, therefore, inquire whether or not other instructions were faulty.

The verdict was sustained by the evidence, and the judgment of the district court is therefore

AFFIRMED.